**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUDY D. MARTIN, an individual, | No. 20-16365 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-05119-EJD |
| v. | |
| WELLS FARGO BANK, N.A., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted August 17, 2022[**]

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Rudy D. Martin appeals pro se from the district court's judgment dismissing

his diversity action alleging violations of state law in connection with his home

loan.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Nevada*

*v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (denial of a motion to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

remand); *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed Martin's action because Martin failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

The district court properly denied Martin's motion to remand his action to state court because diversity jurisdiction existed. *See* 28 U.S.C. §§ 1332(a), 1348; *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (holding that Wells Fargo "is a citizen only of South Dakota" because a national bank is a citizen "only of the state in which its main office is located").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**